OPINION OF THE COURT
Per Curiam.
The instant application is predicated upon a memorandum order of the Disciplinary Board of the Virginia State Bar (hereinafter the Disciplinary Board), entered June 21, 2010, which suspended the respondent from the practice of law in Virginia for a period of 30 days, beginning June 25, 2010. The foregoing disposition was agreed upon between the parties.
On December 3, 2008, the respondent pleaded “no contest” to misdemeanor sexual assault and received a sentence of six months in jail, with all but 30 days suspended, and a fine of $500. Based upon the foregoing, the Disciplinary Board found that the respondent violated Virginia Rules of Professional Conduct rule 8.4 (b) (it is professional misconduct for a lawyer to commit a criminal or deliberately wrongful act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness to practice law).
A notice pursuant to 22 NYCRR 691.3 was personally served upon the respondent on September 12, 2012, according him the opportunity, within 20 days of service of the notice, to file a verified statement setting forth any defense enumerated under subdivision (c) and a written demand for a hearing and advising that, in default of such filing, this Court will impose such discipline or take such disciplinary action as it deems appropriate (see 22 NYCRR 691.3 [b]).
In a sworn statement dated September 17, 2012, the respondent advised that he waived his right to a hearing in this matter. However, he stated that his “no contest” plea was not an admission of guilt but, rather, a choice not to introduce any evidence at that time. He requests that this Court’s disposition be made in consideration of the foregoing, as well as his previously unblemished record in New York.
Inasmuch as the respondent has failed to set forth any of the defenses to the imposition of discipline enumerated in 22 NYCRR 691.3 (c) and/or request a hearing pursuant to 22 NYCRR 691.3 (d), there is no impediment to the imposition of reciprocal discipline.
Under the totality of the circumstances, the respondent is publicly censured in New York.
Mastro, J.E, Rivera, Skelos, Dillon and Roman, JJ., concur.
*189 Ordered that the petitioner’s application to impose reciprocal discipline pursuant to 22 NYCRR 691.3 is granted; and it is further,
Ordered that pursuant to 22 NYCRR 691.3, the respondent, Robert B. Armstrong, admitted as Robert Britton Armstrong, is publicly censured in New York.